UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-226-KKC

GRIZZLY PROCESSING, LLC,                                                                PLAINTIFF

v.                                             **OPINION AND ORDER**

WAUSAU UNDERWRITERS
INSURANCE COMPANY,                                                                      DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on the Motion to Remand (DE 19) filed by the Plaintiff. For the following reason, the Court will DENY the motion.

**I.     BACKGROUND.**

The Plaintiff Grizzly Processing LLC operates a coal-processing plant in Floyd County, Kentucky.  It originally filed this action against the Defendant Wausau Underwriters Insurance Company in Floyd Circuit Court.

In Grizzly's state court action against Wausau, it asserted that it had been sued by more than 90 plaintiffs in a separate Floyd Circuit Court action who alleged injury to their person and property arising from the Plaintiff's operation of the coal-processing plant. In the state court tort action against Grizzly, the plaintiffs aver damages in excess of $4,000,000.

Grizzly also asserted that the Defendant Wassau is its insurer and that Wausau is obligated to investigate and defend it in that action and to pay any judgment obtained against Grizzly. (DE 1, Notice of Removal, State Court Complaint ¶ 13).   Grizzly asserted that Wausau has denied that it has any such obligation under the applicable insurance policies. Wausau asserts

that each of the insurance policies at issue contains an exclusion barring insurance coverage for claims arising out of the release of pollutants.

Grizzly asked the Floyd Circuit Court for a declaratory judgment that Wassau is obligated to investigate and defend the state court tort action on Grizzly's behalf. Grizzly also asserted a claim for breach of contract against Wassau.

Wausau removed the Plaintiff's state court action to this Court asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) which grants federal courts jurisdiction over any action that is between citizens of different states where the amount in controversy exceeds $75,000.

The Plaintiff moves to remand, arguing that this Court should decline to exercise jurisdiction over its request for a declaratory judgment pursuant to this Court's discretion to decline jurisdiction over a claim asserted under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq*.

**II.   ANALYSIS.**

In Grizzly's state court action against Wausau, it sought a declaration under Kentucky's Declaratory Judgment Act, KRS § 418.040.  That claim will be analyzed by this Court under the federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq*.  *See Jones v. Sears Roebuck and Co.*, 301 Fed.Appx. 276 (4th Cir. 2008)("Although the State Complaint purported to invoke West Virginia's Declaratory Judgment Act, we apply the federal Declaratory Judgment Act in this proceeding"); *Toops v. United States Fidelity & Guar. Co.*, 871 F.Supp. 284, 287 & n. 2 (S.D.Tex.1994), *rev'd on other grounds sub nom, Toops v. Gulf Coast Marine Inc.*, 72 F.3d 483 (5th Cir.1996) ("Plaintiffs ... brought suit in the 149th Judicial District Court of Brazoria County, Texas ... seeking a declaratory judgment of their rights under the Texas Declaratory Judgment

Act.... Because this case was later removed to this Court, Plaintiffs' Declaratory Judgment Act claim is now properly asserted under 28 U.S.C. §§ 2201 and 2202.").

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). It is well-settled that district courts have discretion "in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *Aetna Casualty & Surety Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir.1996).

The Sixth Circuit has identified the following factors that a district court should consider in determining whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata;

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Aetna*, 74 F.3d at 687 (citation and internal quotations omitted).

When analyzing the fourth factor, courts further consider three subfactors:

1) whether the underlying factual issues are important to an informed resolution of the case;

2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory action.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir.2000).

In its Motion to Remand, Grizzly argues that the Court should decline to exercise jurisdiction over this case. This is because, according to Grizzly, the primary issue presented by this action is whether the plaintiffs in the state court action against Grizzly were damaged by "pollutants" as that term is defined in the pollution exclusion clauses contained in the insurance policies with Wassau.

Grizzly argues that, in order to make that determination, the same facts would have to be developed in this action that are already being developed in the state court action against Grizzly, i.e., the manner by which the state court plaintiffs were allegedly harmed by Grizzly's operation of the plant. Grizzly argues that identical fact findings in state and federal courts presents a risk of inconsistent findings. Grizzly also argues that resolution of this action in the state court is a better and more effective remedy because that court presides over and is, thus, already familiar with the state court tort action against Grizzly.

If the declaratory action were Grizzly's only claim in this case, the Court may well agree that, after balancing the applicable factors, the action should be remanded. However, in addition to its declaratory action, Grizzly brings a breach of contract claim against Wausau. And the Sixth Circuit has recognized that, where a declaratory action and a claim over which this Court *must* exercise jurisdiction are "closely intertwined," then "judicial economy counsels against dismissing the claims for declaratory judgment relief while adjudicating" the claims over which this Court must exercise jurisdiction. *Adrian Energy Associates v. Michigan Public Service Commission*, 481 F.3d 414, 422-23 (6th Cir. 2007). "When a plaintiff seeks relief in addition to a

declaratory judgment, such as damages or injunctive relief, both of which a court must address, then the entire benefit derived from exercising discretion not to grant declaratory relief is frustrated. . . . " *See also Farris v. State Farm Ins. Co.*, 617 F.Supp.2d 654, 659 (N.D. Ohio 2008); *Knowlton Const. Co. v. Liberty Mut. Ins. Co.*, 2007 WL 4365690 at *2- 3 (S.D. Ohio, Dec. 13, 2007).

There is no dispute that Grizzly and Wausau are citizens of different states. However, Grizzly argues in its Reply that this Court does not have jurisdiction over the breach of contract action because the amount in controversy does not exceed $75,000.

It is well-established law that, given the limited jurisdiction of federal courts, any doubts regarding federal jurisdiction should be construed in favor of remanding a case to state court. *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006). As such, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original federal court action. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996).

In *Gafford v. General Electric Company*, 997 F.2d 150 (6th Cir. 1993), the Court held the burden is on the party seeking removal to show that it is "more likely than not" that the plaintiff's claims meet the amount in controversy requirement. *Id.* at 158; *see also Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

Again, in its state court action, Grizzly asserts that the plaintiffs in the state court tort action against it allege damages of more than $4,000,000. Grizzly also asserts that Wausau is responsible for, not only the investigation and defense of that action but also "for the payment of any judgment obtained against Grizzly." It is clear then that the amount in controversy on Grizzly's breach of contract claim exceeds $75,000.

Even if this Court were inclined to remand the declaratory action, it will not do so here where the Court must exercise jurisdiction over a breach of contract claim that is at least "closely intertwined." In fact, Grizzly's breach of contract claim cannot be resolved without first determining the issues raised in the declaratory judgment claim. Thus, judicial economy is not served by remanding the declaratory judgment action.

For all these reasons, the Court hereby ORDERS that the Motion to Remand (DE 19) is DENIED.

Dated this 4th day of December, 2009.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge