UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-226-KKC

GRIZZLY PROCESSING, LLC,                                          PLAINTIFF

v.                              **OPINION AND ORDER**

WAUSAU UNDERWRITERS
INSURANCE COMPANY,                                               DEFENDANTS

**** **** **** ****

This matter is before the Court on the Plaintiff's Motion to Alter, Amend, or Vacate (DE 28) this Court's prior order denying the Plaintiff's motion to remand this matter to Floyd Circuit Court.

The Plaintiff Grizzly Processing LLC operates a coal-processing plant in Floyd County, Kentucky.  It originally filed this action against the Defendant Wausau Underwriters Insurance Company in Floyd Circuit Court.

In Grizzly's state court action against Wausau, it asserted that it had been sued by more than 90 plaintiffs in a separate Floyd Circuit Court action who alleged injury to their person and property arising from Grizzly's operation of the coal-processing plant. In a December 4, 2009 opinion, this Court stated that, in the state court tort action against Grizzly, the plaintiffs aver damages in excess of $4,000,000. In its current motion, Grizzly correctly points out that its state court complaint against Wausau actually states that the plaintiffs in the state court tort action against Grizzly aver "damages in excess of $4,000.00," which is the jurisdictional minimum of the state circuit court.

Grizzly also asserted that the Defendant Wassau is its insurer and that Wausau is obligated to investigate and defend it in that action and to pay any judgment obtained against Grizzly. (DE 1, Notice of Removal, State Court Complaint ¶ 13).   Grizzly asserts that Wausau has denied that it has any such obligation under the applicable insurance policies. Wausau asserts that each of the insurance policies at issue contains an exclusion barring insurance coverage for claims arising out of the release of pollutants.

Grizzly asked the Floyd Circuit Court for a declaratory judgment that Wassau is obligated to investigate and defend the state court tort action on Grizzly's behalf. Grizzly also asserted a claim for breach of contract against Wassau.

Wausau removed the Plaintiff's state court action to this Court asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) which grants federal courts jurisdiction over any action that is between citizens of different states where the amount in controversy exceeds $75,000.

Grizzly moved to remand, arguing that this Court should decline to exercise jurisdiction over its request for a declaratory judgment pursuant to this Court's discretion to decline jurisdiction over a claim asserted under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq*.

In its opinion and order denying Grizzly's motion to remand, the Court analyzed the motion under the federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq*. *See Jones v. Sears Roebuck and Co.*, 301 Fed.Appx. 276 (4th Cir. 2008)("Although the State Complaint purported to invoke West Virginia's Declaratory Judgment Act, we apply the federal Declaratory Judgment Act in this proceeding"); *Toops v. United States Fidelity & Guar. Co.*, 871 F.Supp. 284, 287 & n. 2 (S.D.Tex.1994), *rev'd on other grounds sub nom, Toops v. Gulf Coast Marine Inc.*, 72 F.3d

483 (5th Cir.1996) ("Plaintiffs ... brought suit in the 149th Judicial District Court of Brazoria County, Texas ... seeking a declaratory judgment of their rights under the Texas Declaratory Judgment Act.... Because this case was later removed to this Court, Plaintiffs' Declaratory Judgment Act claim is now properly asserted under 28 U.S.C. §§ 2201 and 2202.").

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). It is well-settled that district courts have discretion "in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *Aetna Casualty & Surety Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir.1996).

The Sixth Circuit has identified the following factors that a district court should consider in determining whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act:

(1)     whether the declaratory action would settle the controversy;

(2)     whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3)     whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata;

(4)     whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5)     whether there is an alternative remedy which is better or more effective.

*Aetna*, 74 F.3d at 687 (citation and internal quotations omitted).

When analyzing the fourth factor, courts further consider three subfactors:

3

1)      whether the underlying factual issues are important to an informed resolution of the case;

2)      whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

3)      whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory action.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir.2000).

In its Motion to Remand, Grizzly argued that the Court should decline to exercise jurisdiction over this case. This is because, according to Grizzly, the primary issue presented by this action is whether the plaintiffs in the state court action against Grizzly were damaged by "pollutants" as that term is defined in the pollution exclusion clauses contained in the insurance policies with Wassau.

Grizzly argues that, in order to make that determination, the same facts would have to be developed in this action that are already being developed in the state court action against Grizzly, i.e., the manner by which the state court plaintiffs were allegedly harmed by Grizzly's operation of the plant. Grizzly argues that identical fact findings in state and federal courts presents a risk of inconsistent findings. Grizzly also argues that resolution of this action in the state court is a better and more effective remedy because that court presides over and is, thus, already familiar with the state court tort action against Grizzly.

In its opinion on Grizzly's Motion to Remand, the Court noted that, in addition to its declaratory action, Grizzly brings a breach of contract claim against Wausau. The Court further noted that the Sixth Circuit has recognized that, where a declaratory action and a claim over which this Court *must* exercise jurisdiction are "closely intertwined," then "judicial economy

4

counsels against dismissing the claims for declaratory judgment relief while adjudicating" the claims over which this Court must exercise jurisdiction. *Adrian Energy Associates v. Michigan Public Service Commission*, 481 F.3d 414, 422-23 (6th Cir. 2007). "When a plaintiff seeks relief in addition to a declaratory judgment, such as damages or injunctive relief, both of which a court must address, then the entire benefit derived from exercising discretion not to grant declaratory relief is frustrated. . . . " *See also Farris v. State Farm Ins. Co.*, 617 F.Supp.2d 654, 659 (N.D. Ohio 2008); *Knowlton Const. Co. v. Liberty Mut. Ins. Co.*, 2007 WL 4365690 at *2- 3 (S.D. Ohio, Dec. 13, 2007).

Grizzly argued in its Reply brief on the Motion to Remand that this Court did not have jurisdiction over the breach of contract action because the amount in controversy does not exceed $75,000.

It is well-established law that, given the limited jurisdiction of federal courts, any doubts regarding federal jurisdiction should be construed in favor of remanding a case to state court. *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006). As such, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original federal court action. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996).

In *Gafford v. General Electric Company*, 997 F.2d 150 (6th Cir. 1993), the Court held the burden is on the party seeking removal to show that it is "more likely than not" that the plaintiff's claims meet the amount in controversy requirement. *Id.* at 158; *see also Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

In its prior opinion, the Court noted that Grizzly asserts that the plaintiffs in the state court tort action against it allege damages of more than $4,000,000. The Court noted that Grizzly also asserts that Wausau is responsible for, not only the investigation and defense of that action but also "for the payment of any judgment obtained against Grizzly." The Court determined it was clear then that the amount in controversy on Grizzly's breach of contract claim exceeded $75,000. The Court declined to remand this action to state court, finding that it must exercise jurisdiction over the breach of contract claim that is at least "closely intertwined" with the declaratory judgment claim.

Again, the Court's finding that the plaintiffs in the state court action against Grizzly asserted damages of $4,000,000 was incorrect. Grizzly actually asserted in its state court complaint against Wausau that the plaintiffs in the state-court tort action had averred damages in excess of *$4,000.00,* the state circuit court's jurisdictional minimum. In its Motion to Vacate, Grizzly argues that Grizzly's cost of defending the state court action did not exceed $75,000 at the time that it filed the state-court complaint against Wausau. Thus, it argues, this Court lacks subject matter jurisdiction over its complaint against Wausau. Grizzly argues that, in determining the amount in controversy in this matter, the Court cannot consider any damages Grizzly may accrue after the filing of its state court complaint against Wausau.

In determining the amount in controversy, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). The amount in controversy is assessed at the time of the removal notice. *Legg v. Continental Cas. Co.*, 2002 WL 31936740 at *2 (E.D. Mich. 2002) (citing *Rogers* v. *Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

The amount of damages the plaintiffs in the state court tort action seek against Grizzly is not clear. Grizzly explains that, in its state-court complaint for Declaratory Judgment against Wausau, it asserts that the plaintiffs in the state court tort action aver damages in excess of $4,000, simply because that is the amount necessary to invoke the jurisdiction of the Kentucky Circuit Courts.

Grizzly alleges that Wausau must not only pay for any judgment obtained against it in the state court tort action but must also investigate and defend Grizzly in that action. Grizzly explains that the state court tort action against it consists of "some ninety (90) plaintiffs" who seek "substantial" damages. (DE 1, Grizzly Complaint ¶¶ 8, 9). Grizzly alleges that "it has incurred, and will continue to incur; substantial expense in the investigation and defense of the Civil Suit." (DE 1, Grizzly Complaint ¶¶ 10).

The 90 or more plaintiffs in the state court action allege that Grizzly's activities "have caused their residence(s) to be contaminated with coal dust and other pollutants" and have unreasonably interfered with the plaintiff's rights to "enjoy, use, and utilize their houses and property." (DE 25, Ex. A, State Tort Complaint ¶¶ 58, 59). In addition, the plaintiffs allege that many of them "have health problems, including breathing problems, all of which have been exacerbated by [Grizzly's] activities, and they have experienced pain and suffering, and medical expenses." (DE 25, Ex. A, State Tort Complaint ¶ 63). The plaintiff seek compensatory damages including diminution in the value of their residences, costs of repair, medical expenses, and damages for pain and suffering. (DE 25, Ex. A, State Tort Complaint, Prayer for Relief).

It is "more likely than not" that the costs of defending and paying the judgment in such a lawsuit will exceed $75,000. Grizzly argues that the amount in controversy on its breach of

contract claim should include only those damages that Grizzly had incurred at the time that it filed its state court complaint against Wausau. This is incorrect. Grizzly's breach of contract claim seeks to recover all damages for Wausau's alleged breach of its obligations under the insurance policy. Grizzly never alleges that it is seeking only damages that it incurred up until a certain date.

For all these reasons, the Court hereby ORDERS as follows:

1) that the Motion to Alter, Amend, or Vacate (DE 28) is GRANTED in part and DENIED in part;

2) The motion is GRANTED as to the Court's statement that, in the state court tort action against Grizzly, the plaintiffs aver damages in excess of $4,000,000. The prior opinion is AMENDED to state that the state court complaint against Wausau actually states that the plaintiffs in the state court tort action against Grizzly aver "damages in excess of $4,000.00;" and

3) The Motion to Alter, Amend or Vacate (DE 28) is otherwise DENIED.

Dated this 8th day of March, 2010.



**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**